**BEHMER & BLACKFORD LLP**
Timothy S. Blackford (SBN 190900)
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: 858-792-3420

**WILLIAMS & CONNOLLY LLP**
Thomas H. L. Selby* (D.C. Bar No. 468855)
David M. Krinsky* (D.C. Bar No. 978190)
Teagan J. Gregory* (D.C. Bar No. 1019258)
Anthony Sheh* (D.C. Bar No. 166605)
D. Shayon Ghosh (Cal. Bar No. 313628)
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: 202-434-5000
Facsimile: 202-434-5029
* Admitted *pro hac vice*

*Attorneys for Defendant Beckman Coulter, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Becton, Dickinson and Company, Sirigen, Inc., and Sirigen II Limited,<br><br>Plaintiffs,<br><br>v.<br><br>Beckman Coulter, Inc.<br><br>Defendant. | Case No. 21-cv-1173-CAB-NLS<br><br>**DEFENDANT BECKMAN COULTER, INC.'S *EX PARTE* MOTION FOR STATUS CONFERENCE OR ORDER REGARDING CLAIM NARROWING** |

Defendant Beckman Coulter, Inc. ("Beckman") respectfully moves the Court *ex parte* for a status conference regarding narrowing the number of claims asserted by Plaintiffs Becton, Dickinson and Company, Sirigen, Inc., and Sirigen II Limited (collectively, "Plaintiffs"), or in the alternative an order requiring Plaintiffs to narrow to a reasonable number of claims, as set forth below.  Plaintiffs do not oppose the request for a status conference, but have opposed Beckman's proposed claim narrowing procedure.

Plaintiffs' initial Infringement Contentions, served on October 20, 2021, asserted 301 claims from 13 patents.  When Beckman sought to narrow the number of claims prior to serving its Preliminary Invalidity Contentions, Plaintiffs declined to do so before seeing those contentions.  Beckman then served those Invalidity Contentions on January 20, 2022.  The parties exchanged written correspondence regarding a claim narrowing process, and met and conferred several times regarding the parameters of such a process, but were unable to reach an agreement.  On March 3, 2022, Plaintiffs served First Supplemental Infringement Contentions, in which they dropped ***one single claim***, leaving 300 claims from 13 patents in the case.

The Court recognized during the hearing on Plaintiffs' motion for a preliminary injunction that "[t]here are a lot of patents asserted in this case based on . . . one specification," and the Court asked that there be "some thought put into which of these patents and claims [Plaintiffs] really want."  Unsealed Tr. of Hearing on Motion for Preliminary Injunction (Oct. 14, 2021) at 69:10–14.  The Court observed that "it bogs the case down tremendously if we start with a hundred claims."  *Id.* at 70:15–18.

Claim construction proceedings are ongoing, the parties are now well into discovery, and, as the Court predicted, the sheer number of claims asserted already has bogged the case down.  *See, e.g.*, ECF No. 82 (granting Beckman's motion to extend time for invalidity contentions due to the number of asserted claims); ECF No. 99 (attaching 232 pages of exhibits reproducing the claim language for four disputed terms submitted for claim construction).

Beckman therefore requests a status conference for the Court to provide guidance regarding claim narrowing. In the alternative, Beckman requests that the Court enter an order adopting the following claim narrowing procedure, which is consistent with other claim narrowing procedures that courts have set forth. *See, e.g.*, *Universal Elecs. Inc. v. Roku Inc.*, No. SACV181580JVSADX, 2019 WL 1878351, at *5 (C.D. Cal. Mar. 14, 2019); *Straight Path IP Grp., Inc. v. Apple Inc.*, No. C 16-03582 WHA, 2017 WL 1365124, at *2 (N.D. Cal. Apr. 13, 2017); *Thought, Inc. v. Oracle Corp.*, No. 12-cv-05601-WHO, 2013 WL 5587559, at *4 (N.D. Cal. Oct. 10, 2013); *Medtronic Minimed Inc. v. Animas Corp.*, No. CV 12-04471 RSWL (RZx), 2013 WL 3322248, at *3 (C.D. Cal. Apr. 5, 2013); *see also* E.D. Tex. Model Order Focusing Patent Claims and Prior Art to Reduce Costs ("E.D. Tex. Model Order"). Plaintiffs oppose this proposal.[1]

| Date | Limit on Number of Claims Asserted | Limit on Number of Prior Art References Asserted in Support of Anticipation and Obviousness Defenses[2] |
|---|---|---|
| One week after the Court issues a claim narrowing order | 40 | n/a |
| One week after the Court issues a claim construction order | 20 | n/a |

---

[1] The only change between Beckman's written proposal to Plaintiffs and the proposal below is the date when Plaintiffs must first narrow the number of claims asserted. The proposal Beckman first advanced proposed an initial narrowing on March 3, 2022, the date the Joint Claim Construction Statement was submitted.

[2] Notwithstanding these limits on the number of references asserted as anticipation grounds or in obviousness combinations, Beckman would retain the right to rely on additional references beyond the agreed-upon limit to respond to any arguments or references that Plaintiffs and their witnesses intend to rely on in support of Plaintiffs' infringement and validity arguments, as well as for background and to make the point to the Court or jury that particular elements of the claims are widespread in the art.

| Four weeks after the Court issues a claim construction order | 20 | 35 |
|---|---|---|
| March 10, 2023 | 10 | 35 |
| March 24, 2023 | 10 | 20 |

The parties have two fundamental disagreements that have precluded the parties from making progress towards an agreement. First, Plaintiffs have refused to drop claims unless Beckman simultaneously drops a proportional number of prior art references. For example, Plaintiffs advanced an initial proposal in which they would narrow, first, to 150 claims—a 50% reduction—accompanied by a 50% reduction in the number of Beckman's references. But Beckman's Preliminary Invalidity Contentions identified only 50 references, and Plaintiffs assert 300 claims; a tit-for-tat narrowing makes no sense given that asymmetry. Moreover, given that Beckman may serve amended Invalidity Contentions as of right pursuant to Patent Local Rule 3-6(b) until March 17, 2021, the 50 references cited in Beckman's Preliminary Invalidity Contentions are not a meaningful starting point for narrowing the prior art references asserted.

Instead, Beckman believes that it should be entitled to identify a number of references that, at each step, exceeds the number of claims at issue, consistent with the claim narrowing orders that courts routinely enter. *See, e.g.*, *Universal Elecs.*, 2019 WL 1878351, at *1 (25 claims and 35 prior art references); *Straight Path*, 2017 WL 1365124, at *2 (10 claims and 20 prior art references); *Thought*, 2013 WL 5587559, at *4 (16 claims and 25 prior art references); *see also* E.D. Tex. Model Order (16 claims and 20 prior art references). It is no accident that a number of references exceeding the number of claims is a norm in claim-narrowing orders (if the number of references is narrowed at all). In mounting a defense to a charge of patent infringement, defendants like Beckman should be permitted to advance the best art for each claim that the patentee asserts—not to be forced artificially to select references based on which ones can be asserted against multiple claims at a time. Here, Beckman has

offered to limit the number of references as a compromise—the number of Beckman's prior art references is not posing case management problems the way Plaintiffs' unusually large number of claims is.[3]

      Second, Plaintiffs have insisted that the number of obviousness *combinations* be counted against the number of prior art *references*. As another court in this District has held, there is no justification for that rule. *See Universal Elecs.*, 2019 WL 1878351, at *1 ("Where courts have limited a similar ratio of prior art references to claims, courts have not limited the number of obviousness combinations." (citing cases)); *see also, e.g.*, *Straight Path*, 2017 WL 1365124, at *2 (rejecting plaintiff's argument that defendant should be limited in the number of obviousness combinations as well as total references). Beckman has located, and Plaintiffs have identified, only one other claim narrowing order imposing such an unusual limitation: the one entered in Plaintiffs' prior lawsuit before another court in this District. *See Regents of Univ. of Cal. v. Affymetrix, Inc.*, Case No. 3:17-cv-01395, ECF No. 285 (S.D. Cal. Sept. 20, 2018). Although the circumstances in that case may have justified that provision, Plaintiffs have articulated no reason why this Court or Beckman should adopt it here, contrary to the weight of authority.

---

[3]   The unusual number of claims is particularly problematic here given the large number of claims as to which there is no allegation of literal infringement. While Plaintiffs allege literal infringement as to some of the claims, more than half of Plaintiffs' asserted claims are directed to chemical structures that Beckman ***admittedly does not make, use, or sell***. Rather, Plaintiffs assert claims under the doctrine of equivalents. This exponentially increases the case's complexity because, for each of those claims, Plaintiffs and Beckman will have to litigate about the substantiality of the differences between the claimed compounds and each of Beckman's accused products, as well as about prior art directed to chemical structures that no one alleges Beckman's products include.

      Plaintiffs also assert numerous claims that differ from one another only as to chemical features that Plaintiffs contend are optional—and that Plaintiffs contend are ***absent*** from Beckman's accused products.

1  Although the parties have met and conferred, they have reached an impasse
2  regarding the two issues discussed above.  Beckman therefore respectfully requests a
3  status conference for the Court to provide guidance regarding these issues.  In view of
4  the rapid pace of fact discovery and the parties' apparent agreement that some claim
5  narrowing ought to occur forthwith—even if the parties do not agree on the scope or
6  conditions of that narrowing—Beckman respectfully requests that this conference be
7  set as soon as is convenient for the Court.  Both sides' lead counsel are located on the
8  East Coast, so if it is amenable to the Court, Beckman suggests that a telephonic or
9  video conference would be most efficient.
10  Alternatively, if the Court agrees with the claim narrowing procedure that
11  Beckman has proposed and therefore believes that a status conference is unnecessary,
12  Beckman respectfully requests that the Court order the claim narrowing procedure set
13  forth above and enter the proposed order accompanying this motion.

| | | |
|---|---|---|
| 1 | Dated: March 8, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ David M. Krinsky |
| 4 | | **BEHMER & BLACKFORD LLP** |
| | | Timothy S. Blackford (SBN 190900) |
| 5 | | 12526 High Bluff Drive, Suite 300 |
| 6 | | San Diego, CA 92130 |
| | | Telephone: 858-792-3420 |
| 7 | | |
| 8 | | **WILLIAMS & CONNOLLY LLP** |
| | | Thomas H. L. Selby* (D.C. Bar No. 468855) |
| 9 | | David M. Krinsky* (D.C. Bar No. 978190) |
| 10 | | Teagan J. Gregory* (D.C. Bar No. 1019258) |
| | | Anthony Sheh* (D.C. Bar No. 166605) |
| 11 | | D. Shayon Ghosh (Cal. Bar No. 313628) |
| 12 | | 725 Twelfth Street, N.W. |
| | | Washington, DC 20005 |
| 13 | | Telephone: 202-434-5000 |
| 14 | | Facsimile: 202-434-5029 |
| | | * Admitted *pro hac vice* |
| 15 | | |
| 16 | | *Attorneys for Defendant* |
| | | *Beckman Coulter, Inc.* |