1
2
3
4
5

**BEHMER & BLACKFORD LLP**
Timothy S. Blackford (SBN 190900)
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: 858-792-3420
Email: tim@behmerblackford.com

6
7
8
9
10
11
12

**WILLIAMS & CONNOLLY LLP**
Thomas H. L. Selby (*pro hac vice*)
David M. Krinsky (*pro hac vice*)
Teagan J. Gregory (*pro hac vice*)
Anthony H. Sheh (*pro hac vice*)
D. Shayon Ghosh (SBN 313628)
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone: 202-434-5000
Facsimile: 202-434-5029

13

*Attorneys for Defendant*

14
15

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| BECTON, DICKINSON AND COMPANY, SIRIGEN, INC., and SIRIGEN II LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>BECKMAN COULTER, INC.,<br><br>Defendant. | Case No. 21-cv-01173-CAB-NLS<br><br>**DEFENDANT BECKMAN COULTER, INC.'S RESPONSE TO PLAINTIFFS' *EX PARTE* MOTION TO ENFORCE ORDER RE: CLAIM NARROWING** |

Plaintiffs' *Ex Parte* Motion to Enforce Order Re: Claim Narrowing seeks to compel Beckman to comply with an Order that Beckman has already complied with, by doing what Beckman has already done.  The Court's Order required Beckman to "serve a designation of its responsive obviousness prior art combinations, not to exceed 20 combinations."  ECF No. 106.  Beckman served a designation of 17 obviousness prior art combinations.  Plaintiffs nevertheless accuse Beckman of "flout[ing]" this Court's Order by including "a large number of references (*i.e.*, five or more references)" in some of those combinations.  ECF No. 134 ("Mot.") at 2, 5.  The Order, however, was silent about the number of references per combination, and the entirety of Plaintiffs' Motion is founded on the theoretical possibility that, someday, Beckman might seek to narrow its combinations to fewer references, and that if it did, this would amount to relying on a previously undisclosed combination.  Beckman has not done that nor sought to do that.  Its contentions disclose fewer than the permitted number of combinations, and they describe in detail how those combinations render each of the asserted claims obvious.  The theoretical questions of whether, under what circumstances, or in what ways Beckman might in the future be permitted to *change* those combinations is neither concretely defined nor ripe for decision.  And Plaintiffs certainly have come nowhere near a showing that Beckman's disclosed contentions are improper or a violation of this Court's Order.  Plaintiffs' *Ex Parte* Motion should be denied.

As this Court will recall, the genesis of the Court's Order Re: Claim Narrowing was *Beckman's* request for a status conference to address Plaintiffs' assertion of 301 claims of 13 patents.  ECF No. 101.  Given that Beckman has only three closely related polymer dyes on the market, and sales of those accused dyes have been "limited," ECF No. 43-1 at 23, one might expect that this case could be litigated efficiently.  Yet Plaintiffs' approach consistently has been to make this case sprawling and litigious.  Even now that the list of claims has been narrowed, Plaintiffs have accused *almost one thousand different compounds* of infringement—any allegedly

1   infringing compound that they can identify in a laboratory notebook as having been

2   made at some point, *see* ECF No. 126 at 12–13—and have launched a steady stream

3   of discovery disputes.  Plaintiffs' tit-for-tat *Ex Parte* Motion is in the same vein.  In

4   response to Beckman's complaint that the number of claims in the case was excessive,

5   Plaintiffs requested, and the Court ordered, that Beckman's obviousness combinations

6   be limited in number.  Beckman complied with that Order.  Plaintiffs now conjure a

7   dispute to suggest Beckman is engaging in sharp practices, but Beckman is not doing

8   any such thing.

9         Unsurprisingly in a case that also has strong anticipation defenses, *see* ECF No.

10   43-1 at 6–10, Beckman's invalidity contentions included four two-reference

11   obviousness combinations and three more three-reference combinations, Mot. Ex. A at

12   58–60.  Plaintiffs' motion focuses on several additional combinations that include a

13   greater number of references.  In particular, Plaintiffs highlight Beckman's third

14   combination, which lists a total of twelve references.  Mot. at 2–3.  Plaintiffs

15   misleadingly quote Beckman's *initial* invalidity contentions—from before the Court's

16   narrowing Order—to suggest that Beckman is disclosing prior art references in

17   "groups" linked with "and/or."  *Id.* at 1.  Then, relying on cases that distinguish a

18   combination of A+B+C from a combination of A+B, Plaintiffs calculate the

19   astronomical-sounding number of different combinations that Beckman ***could*** make, ***if***

20   it arbitrarily selected a handful of references from a disclosed combination.  *Id.* at 3.

21   But Beckman has not done that and does not seek to do that.  Rather, Beckman has

22   unambiguously disclosed seventeen and only seventeen combinations, each of which

23   lists a specific set of references linked with "and."  Mot. Ex. A at 58–60.

24         Contrary to Plaintiffs' accusations, some of Beckman's combinations rely on a

25   larger number of references because Beckman intends to rely on those references.

26   Beckman's larger combinations are not intended as a smorgasbord from which it will

27   eventually draw additional narrow combinations.  Rather, Beckman has a story to tell

28   the jury about the ubiquity of the features of the claimed invention.  That is, one

BECKMAN'S RESPONSE TO PLAINTIFFS' *EX PARTE* MOTION TO ENFORCE
ORDER RE: CLAIM NARROWING

1  aspect of the obviousness theories that Beckman has disclosed is that the purportedly
2  novel features of Plaintiffs' claimed invention were commonplace in the art and can
3  be found in reference after reference.

4  　　　For example, the *only* purported distinction that Plaintiffs have alleged between
5  the claimed invention and the Gaylord reference (which was addressed during
6  preliminary injunction proceedings and remains a lead anticipation and obviousness
7  reference) is the use of a non-ionic chemical structure to impart water solubility.
8  Looking to the combination on which Plaintiffs focus, the Kuroda 2002, Kim 2005,
9  Sumranjit 2007, and Xue 2009 references all disclose this feature, and Beckman is
10  entitled to explain to the jury—even if through an expert and in summary form—that
11  an entire pile of references teaches the feature.  Similarly, the Haugland 1995,
12  Haugland 2000, Hoffman 2007, Gauthier 2008, Canalle 2009, Gordon 1999, and Lou
13  2007 references teach the conjugation of polymer dyes to biomolecules such as
14  antibodies—another area in which Plaintiffs may contend that they invented
15  something—and again, the gravamen of this combination is that these techniques were
16  widespread and old hat.

17  　　　There is no mystery about any of this; it is what Beckman's disclosures and
18  accompanying charts say.  The central proposition of Plaintiffs' motion—that
19  Beckman's contentions "keep an unmanageable number of obviousness combinations
20  in play and obscure from Plaintiffs the theories that Beckman will actually pursue,"
21  Mot. at 4—is simply wrong.  And there is no basis for Plaintiffs to use the Court's
22  narrowing order to bar Beckman from telling the invalidity story it has properly
23  disclosed and seeks to tell.  Plaintiffs' cases, in which courts have stricken undisclosed
24  combinations (much later in a litigation) purportedly drawn from more complicated
25  ones, are inapposite, because they address a situation that has not arisen.  *See* Mot. at 3
26  (citing *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, U.S. Dist. LEXIS
27  171627, at *4 (N.D. Cal. Dec. 23, 2015), and *Altera Corp. v. PACT XPP Tech., AG*,
28  No. 14-cv-02868-JD, 2015 U.S. Dist. LEXIS 80703, at *8–9 (N.D. Cal. June 19,

BECKMAN'S RESPONSE TO PLAINTIFFS' *EX PARTE* MOTION TO ENFORCE
ORDER RE: CLAIM NARROWING

2015)).  Put simply, the relief Plaintiffs now seek—that Beckman disclose fewer than 20 combinations—is what Beckman already has done.

The presence of reservation-of-rights language in Beckman's contentions—stating that Beckman reserves the right to drop references (or for that matter, combinations)—does not change this calculus.  Even if, at trial, Beckman were to make a decision that it does not need to put on evidence about a reference that is in the pile, there would be no conceivable prejudice to Plaintiffs.  But this is entirely hypothetical in any event.  Beckman has not dropped anything or sought to alter its disclosed combinations, and it is premature for Plaintiffs to litigate when or whether it should be permitted to do so in a particular situation.[1]

Plaintiffs' motion should be denied.

---

[1] Plaintiffs' complaints about other aspects of Beckman's contentions are even farther afield from any current dispute.  Plaintiffs criticize Beckman, for example, for not deleting from its contentions information that discusses other prior art references, Mot. at 4, but the selection of references in Beckman's § 103 obviousness combinations (which are in any event not the only disclosed invalidity defenses) speaks for itself.  Likewise, Beckman has disclosed that it might rely on the "knowledge of the POSA"—*i.e.*, its experts' testimony about what would be common knowledge—but this is not a reference, much less an undisclosed obviousness ground.  None of these disclosures is a back-door attempt to expand on Beckman's obviousness combinations, and none presents a basis for Plaintiffs' accusations.

BECKMAN'S RESPONSE TO PLAINTIFFS' *EX PARTE* MOTION TO ENFORCE
ORDER RE: CLAIM NARROWING

Dated:  May 20, 2022

Respectfully submitted,

By: */s/ David M. Krinsky*

**BEHMER & BLACKFORD LLP**
Timothy S. Blackford (SBN 190900)
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: 858-792-3420
Email: tim@behmerblackford.com

**WILLIAMS & CONNOLLY LLP**
Thomas H. L. Selby (*pro hac vice*)
David M. Krinsky (*pro hac vice*)
Teagan J. Gregory (*pro hac vice*)
Anthony H. Sheh (*pro hac vice*)
D. Shayon Ghosh (SBN 313628)
680 Maine Avenue, S.W.
Washington, DC  20024
Telephone: 202-434-5000
Facsimile: 202-434-5029

*Attorneys for Defendant Beckman Coulter, Inc.*

Case No. 21-cv-1173-CAB-NLS

BECKMAN'S RESPONSE TO PLAINTIFFS' *EX PARTE* MOTION TO ENFORCE
ORDER RE: CLAIM NARROWING