UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECTON, DICKINSON AND COMPANY, SIRIGEN, INC., and SIRIGEN II LIMITED,<br><br>                              Plaintiff,<br><br>v.<br><br>BECKMAN COULTER, INC.,<br><br>                              Defendant. | Case No.:  21-CV-1173-CAB-NLS<br><br>**Notice re: Claim Construction Hearing** |

     To facilitate and focus argument at the claim construction hearing scheduled for May 26, 2022, the Court provides, as Exhibit A, its preliminary constructions of the terms and phrases at issue.

Dated:  May 24, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge

1

Court's Exhibit A to Notice re: Claim Construction Hearing

The parties have submitted four terms or phrases for claim construction in this matter. Having reviewed the patents and the parties' filings, and to assist with focusing argument at the claim construction hearing on May 26, 2022, the Court provides the following preliminary constructions:

1. "MU is a polymer modifying unit or band gap modifying unit"

   In accordance with the plain language of the claim and the specification, the Court finds that MU is not required to be present in the structure of the water soluble conjugated polymer of independent claim 1 of the asserted patents (i.e., it can be 0% of the mol %).

   Note: Based on this construction, the Court therefore understands that a water soluble conjugated polymer consisting of a single aryl or heteroaryl unit substituted with a non-ionic side group capable of imparting solubility in water (or a structure with each R independently a non-ionic side group capable of imparting solubility in water in excess of 10 mg/mL); $G_1$ and $G_2$ endcaps meeting the additional limitations of claim; and the polymer comprises at least 1 functional group meeting the claim limitations, could be found to infringe or invalidate these independent claims without reference to the other structural limitations of the claim (MU, $L_1$ and $L_2$) as they do not need to be present.

2. "b is mol% from 0 to 90%"

   0 is zero, meaning the limitation is not present in the structure

3. "substituted with one or more pendant chains terminated with a functional group"

   The Court understands this claim to require that if a linker is present in the structure, it must have at least one pendant chain that terminates with a functional group that meets the remaining claim limitation.  The plain language of the claim does not require that all chains pendant from a linker terminate with a functional group, or the same functional group.

4. "the polymer comprises at least 1 functional group selected from [identified function groups] within $G_1$, $G_2$, $L_1$ or $L_2$, or a conjugated organic dye or biomolecule"

Grammatically defendant's construction of the specific limitation has merit, however in the context of the claim in its entirety, plaintiff's construction is supported by the preceding claim limitations that list $G_1$, $G_2$, $L_1$ or $L_2$ terminating with a described functional group or alternatively terminating with a conjugated organic dye or biomolecule indicating they should be construed to be within the endcaps or linkers.

3