**BEHMER & BLACKFORD LLP**
Timothy S. Blackford (SBN 190900)
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: 858-792-3420

**WILLIAMS & CONNOLLY LLP**
Thomas H. L. Selby* (D.C. Bar No. 468855)
David M. Krinsky* (D.C. Bar No. 978190)
Teagan J. Gregory* (D.C. Bar No. 1019258)
Anthony Sheh* (D.C. Bar No. 166605)
D. Shayon Ghosh (Cal. Bar No. 313628)
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202-434-5000
Facsimile: 202-434-5029
* Admitted *pro hac vice*

*Attorneys for Defendant Beckman Coulter, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Becton, Dickinson and Company, Sirigen, Inc., and Sirigen II Limited,<br><br>                    Plaintiffs,<br><br>v.<br><br>Beckman Coulter, Inc.<br><br>                    Defendant. | Case No. 21-cv-1173-CAB-NLS<br><br>**DEFENDANT BECKMAN COULTER, INC.'S *EX PARTE* MOTION TO STAY PENDING *INTER PARTES* REVIEW** |

Defendant Beckman Coulter Inc. ("Beckman") respectfully moves this Court to stay this litigation in its entirety pending a decision on institution in *Inter Partes* Review ("IPR") Nos. IPR2022-01203, -01204, -01205, -01206, -01207, and -01208, which challenge *every patent claim* that Plaintiffs Becton, Dickinson and Company, Sirigen, Inc., and Sirigen II Limited (collectively, "Plaintiffs") are still asserting in this case. During the coming six months—the approximate window during which the Patent Trial and Appeal Board (the "PTAB") will decide whether to institute trial— the parties are scheduled to conduct the bulk of fact and expert discovery, including on the validity issues now before the PTAB. Because the IPRs are poised to resolve those issues once and for all, a stay would allow the parties to focus that discovery on other issues (if anything is left of the case following the IPRs) and would eliminate a tremendous amount of unnecessary work for the Court, the parties, and the witnesses if IPRs are instituted. Because these burdens will be realized imminently, Beckman moves *ex parte* so that the issue may be resolved before the parties engage in extensive and costly deposition practice.

And the IPRs are highly likely to be instituted. As the Court may recall from the preliminary injunction and claim construction proceedings in this case, Plaintiffs' asserted patent claims, which are directed to conjugated polymer dyes, are staggeringly broad. In many instances, under the Court's construction where most units are "optional"—a construction urged by Plaintiffs—the claimed dyes encompass a single repeating polymer unit with next to no structural limitation at all. ECF No. 140 (claim construction order). In its IPR petitions, Beckman has advanced, *inter alia*, two separate anticipation grounds, as well as single-reference obviousness grounds covering many of the claims. Beckman submits that this is not a close case; the claims are plainly invalid. This Court need not decide whether the asserted patent claims are likely to be invalidated, however. That question is before the PTAB—and it would be most efficient for both the parties and the Court to let the PTAB rule on it

BECKMAN'S *EX PARTE* MOT. TO STAY PENDING *INTER PARTES* REVIEW

1  before expending further resources here.[1]

2      Under the three-factor test that courts in this district apply, this Court should

3  grant a stay pending the PTAB's institution decision.  *See Koss Corp. v. PEAG, LLC*,

4  No. 21-CV-1177-CAB-JLB, 2021 U.S. Dist. LEXIS 192177, at *2 (S.D. Cal. Oct. 5,

5  2021) (enumerating factors).  First, a stay is virtually certain to simplify the issues

6  before the Court, likely focusing the disputes even were the PTAB not to institute.

7  Second, the case remains in its early stages, with the parties just beginning the most

8  intensive phase of discovery, no depositions yet taken, and no trial date set.  Third,

9  given the modest damages at stake and Plaintiffs' failure to demonstrate the prospect

10  of any irreparable harm in their bid for a preliminary injunction, a six-month stay

11  while the PTAB considers institution will not prejudice Plaintiffs.  As it has in other

12  cases, the Court should grant Beckman's motion for a stay "pending the PTAB's

13  decisions whether to institute IPR."  *Qualcomm Inc. v. Apple Inc.*, No. 3:17-CV-2403-

14  CAB-MDD, 2018 WL 4104966, at *3 (S.D. Cal. Aug. 29, 2018).

15  **I.    BACKGROUND**

16      This is a patent infringement action concerning conjugated polymer dyes, a type

17  of fluorescent dye used in flow cytometry and marketed by both Plaintiff Becton

18  Dickinson, Inc., and Beckman, among others.  Plaintiffs filed this action in June 2021,

19  along with a motion for preliminary injunction seeking to remove from the market a

20  line of polymer dyes launched by Beckman earlier that year.  Following briefing and

21  oral argument, this Court denied that motion.  ECF No. 66.  In so doing, the Court

22  ruled that at the preliminary stage Beckman had identified "significant challenges

23  based on" two prior art references that Beckman raised in opposition to the motion—

24  two references Beckman now has raised again before the PTAB.  Ex. 1 (Motion for

---

[1] Between October 1, 2021 and May 31, 2022, the PTAB instituted IPR on 65% of petitions and 70% of patents.  *See* U.S. Patent & Trademark Office, *PTAB Trial Statistics* (May 2022), *available at* https://www.uspto.gov/sites/default/files/documents/ptab_aia_20220531_.pdf.

Preliminary Injunction Hearing Transcript (Oct. 14, 2021)) at 41.  The Court thus concluded that Plaintiffs failed to establish a likelihood of success on the merits.  *Id.*  In addition, the Court ruled that there was no irreparable harm warranting a preliminary injunction, including because Plaintiffs had failed to show that any loss of sales would not be compensable.  *Id.* at 41–42.  The Court also noted that because "there haven't been significant enough sales," and because the alleged reputational harms were "speculative," none of the other harms alleged, even if ultimately demonstrated, were irreparable.  *Id*. at 42.  The Court accordingly denied Plaintiffs' motion on October 14, 2021.  ECF No. 66.  In the months since then, the case has proceeded into discovery.

On May 26, 2022, this Court held a claim construction hearing, at which it construed three terms.  As relevant to this stay motion, Beckman has submitted the Court's ruling to the PTAB with the IPR petitions, and it has argued that the patents are unpatentable, including under those constructions.  As the Court recognized at the hearing, a principal dispute between the parties concerned whether the "MU" term was optional—an issue on which the Court ruled for Plaintiffs, but in so doing, broadened the claims and thus potentially strengthened Beckman's validity case even as it eliminated one of Beckman's non-infringement defenses.

Beckman now has timely filed six petitions for IPR, corresponding to the six patents Plaintiffs have elected to keep in the case.  IPR Nos. IPR2022-01203, 01203, -01204, -01205, -01206, -01207, and -01208.  As the Court will recall, this represents a much narrowed case.  On March 15, 2022, the Court ordered Plaintiffs to narrow their infringement assertions from more than 300 claims to no more than 30, ECF No. 106, and Plaintiffs provided those elections on March 31, 2022.  Beckman's IPRs cover all 30 of those claims, as well as other claims of the same patents that Beckman has argued are invalid over the same art.  Under PTAB practice, an institution decision is expected approximately six months from the filing date.  35 U.S.C. § 314.

## II.   ARGUMENT

This Court "has broad discretion to control its own docket—including the discretion to stay proceedings." *Taction Tech., Inc. v. Apple Inc.*, No. 21-CV-812 TWR (JLB), 2022 WL 228978, at *1 (S.D. Cal. Jan. 26, 2022) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).  Staying infringement proceedings pending IPRs not only can enhance judicial efficiency, but can further Congress's purpose in creating IPR proceedings—creating "a quick, inexpensive, and reliable alternative to district court litigation." *Cuozzo Speed Techs., Inc. v. Lee*, 579 U.S. 261, 278 (2016) (quoting S. Rep. No. 110-259, at 20 (2008)).

Although a stay often follows IPR institution, this Court and others in this district also have recognized that these considerations may warrant granting a stay upon the *filing* of an IPR petition.  *Taction*, 2022 WL 228978, at *2 (granting stay pending decision on whether to institute IPRs); *Qualcomm*, 2018 WL 4104966, at *3 (granting stay "pending the PTAB's decisions whether to institute IPR"); *Finjan, Inc. v. ESET, LLC*, No. 17-CV-00183-CAB-BGS, 2018 WL 2095734, at *2 (S.D. Cal. May 7, 2018) (granting stay pending institution decision on proceedings as to patent where IPR had been filed).  In these circumstances, courts typically order the parties to provide a status report following the PTAB's institution decisions, and, if appropriate, to request that the stay continue.  *Taction*, 2022 WL 228978, at *3 (denying-in-part stay request as to the period after institution, and instead requiring the parties to file a status report within 7 days of the IPR institution decision).  This is the relief Beckman seeks here.

Courts in this district "consider three factors to determine whether to impose a stay pending parallel proceedings before the PTAB: (1) whether a stay will simplify the issues in question and trial of the case, (2) whether discovery is complete and a trial date set, and (3) whether a stay would unduly prejudice or present a clear tactical

BECKMAN'S *EX PARTE* MOT. TO STAY PENDING *INTER PARTES* REVIEW

1   disadvantage to the nonmoving party." *Taction*, 2022 WL 228978, at *1 (citing
2   *Qualcomm*, No. 3:17-CV-2403-CAB-MDD, 2018 WL 4104966, at *1).[2]

3        In this case, each of the factors weighs strongly in favor of granting a stay.

4        **A.    A Stay Will Simplify the Issues in the Case.**

5        The first factor, "whether a stay will simplify the issues in question and trial of
6   the case," is clear-cut:  it will do so.  An "IPR can help streamline a case because
7   'when a claim is cancelled, the patentee loses any cause of action based on that claim,
8   and any pending litigation in which the claims are asserted becomes moot.'" *Taction*,
9   2022 WL 228978, at *2 (quoting *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d
10  1330, 1340 (Fed. Cir. 2013)).  Here, Beckman has challenged every claim asserted
11  against it, meaning that if Beckman is successful in its challenges, the case is over—
12  the issues and trial will not merely be simplified, but wholly unnecessary.  The facts
13  that the claims are all in one patent family, that they are similar to one another, and
14  that Beckman alleges the same prior art cuts broadly across those claims, only
15  heighten the likelihood the pending IPRs will end the case.

16       Moreover, if an IPR is instituted but Beckman does not prevail, or prevails as to
17  only some claims, the PTAB's final written decision will give rise to a statutory
18  estoppel that is likely to eliminate certain anticipation or obviousness defenses under
19  35 U.S.C. §§ 102 or 103.[3]  *See* 35 U.S.C. § 315(e)(2).  As the *Taction* court observed,
20

---

21  [2] When courts deny pre-institution stay requests, they typically do so without prejudice
    to renewing the request if the PTAB institutes trial, and if the Court denies Beckman's
22  request, Beckman respectfully requests that it similarly do so without prejudice.  *See,*
23  *e.g.*, *Bell N. Rsch., LLC v. CoolPad Techs., Inc.*, No. 18-CV-1783-CAB-BLM, 2019
    WL 3782183, at *1 (S.D. Cal. Aug. 12, 2019).
24

25  [3] The statutory estoppel extends to defenses that were "raised or reasonably could
    have been raised" in the IPR proceedings.  35 U.S.C. § 315(e)(2); *see, e.g.*, *Am. GNC*
26  *Corp. v. LG Elecs. Inc.*, No. 17-CV-01090-BAS-BLM, 2018 WL 1250876, at *3 (S.D.
    Cal. Mar. 12, 2018); *see also TAS Energy, Inc. v. San Diego Gas & Elec. Co.*, No.
27  12CV2777-GPC BGS, 2014 WL 794215, at *4 (S.D. Cal. Feb. 26, 2014) ("Even if all
28  the asserted claims survive *inter partes* review, the case could be simplified because

BECKMAN'S *EX PARTE* MOT. TO STAY PENDING *INTER PARTES* REVIEW

this "binary outcome weighs in favor of a 'limited stay of proceedings until the PTAB issues its decision.'"  2022 WL 228978, at *2 (quoting *Qualcomm*, 2018 WL 4104966, at *2).  For this reason, courts in this district routinely have concluded that IPRs will narrow the issues and that the first factor is met, except where the IPRs in question address only a subset of the patents at issue.  *Compare Taction*, 2022 WL 228978, at *2; *Qualcomm*, 2018 WL 4104966, at *1; *Wi-LAN, Inc. v. LG Elecs., Inc.*, No. 3:17-cv-00358-BEN-MDD, 2018 WL 2392161, at *1 (S.D. Cal. May 22, 2018) (all granting pre-institution stays where all asserted patents are subject to IPR), *with Finjan*, 2018 WL 2095734, at *2 (granting pre-institution stay only as to patent subject to IPR), *and Bell N. Rsch.*, 2019 WL 3782183, at *1 (denying pre-institution stay where fewer than all patents and parties were involved in IPR).  It makes no sense for the parties to plow ahead with extensive fact and expert discovery regarding defenses that are likely to be eliminated by the IPR proceedings regardless of which party prevails.

The fact that the PTAB has not yet instituted review does not change this calculus, for two reasons.  First, this Court and others in this district repeatedly have recognized that even though "review is not guaranteed," the costs of a "limited stay" for the few months it will take the PTAB to decide whether to institute review "outweigh[] the risk of unnecessary expenditure of resources before the determination to institute or not."  *Qualcomm*, 2018 WL 4104966, at *2 (citing *Am. GNC*, 2018 WL 1250876); *see, e.g.*, *Taction*, 2022 WL 228978, at *2 (concluding that "the potential to save the parties and the Court from expending resources during the waiting period weighs in favor of a temporary stay"); *Am. GNC*, 2018 WL 1250876, at *3 (noting that "the stay would last six months at most" if the PTO were to decline institution and finding that "the limited nature of a stay in such circumstances far outweighs the

---

Defendant would be bound by the estoppel provisions for *inter partes* review and could not raise any arguments it raised or reasonably could have raised at the PTO in its petition.").

risk of unnecessary expenditure of judicial resources before that determination"); *see also Omnitracs, LLC v. Platform Sci., Inc.*, No. 20-CV-0958-JLS-MDD, 2021 WL 857005, at *7 (S.D. Cal. Mar. 8, 2021) (granting a stay pre-institution and planning to "revisit whether the stay should be lifted when the PTAB issues its latest institution decision"); *Irori Techs., Inc. v. Luminex Corp.*, No. 13-CV-2647-BEN (JLB), 2014 WL 12279505, at *4 (S.D. Cal. July 16, 2014) (granting a temporary stay until it was determined that no IPR would take place or the conclusion of IPR proceedings and appeals).  That is, given the relatively short time window before an institution decision, the first stay factor is properly evaluated based on whether IPR proceedings will narrow the issues if they are instituted, not whether the issues will be narrowed even if institution is denied.

Second, this is a case involving complicated technology and a large number of claims and validity defenses.  The PTAB's institution decision is likely to address the merits of the anticipation and obviousness defenses in a manner that will inform what prior art defenses are presented in this Court, even in the event institution is denied. Knowledge of whether the PTAB has instituted also is likely to affect how the parties further narrow their claims and defenses.  It would be much more efficient for the remainder of fact discovery, and in particular for expert discovery, to take place once the parties have the PTAB's guidance regarding the anticipation and obviousness defenses that Beckman presented in the petitions.

In short, this is a case in which the IPRs have a strong likelihood of eliminating or at least narrowing the issues in dispute, regardless of their outcome.

**B.      The Stage of Litigation Favors a Stay.**

The second factor in the stay calculus, "whether discovery is complete and a trial date set," *Taction*, 2022 WL 228978, at *1, also favors a stay.  While the case is scheduled for a pre-trial conference in May 2023, no trial date has been set.  Fact discovery is ongoing—document production is substantially complete, but no depositions have been taken.  Courts in this district routinely have granted stays

pending IPR at similar or later stages of litigation. *Id.* (granting stay following document production but before fact depositions); *see also Am. GNC*, 2018 WL 1250876, at *2 (granting stay because "a significant amount of work still remain[ed] such as expert discovery, summary judgment motions and trial" (quotation marks omitted)); *TAS Energy*, 2014 WL 794215, at *3 (granting stay even though "the case [was] not in its early stages," parties were "in the midst of discovery," and claim construction briefs were filed, because a "significant amount of work still remain[ed] such as expert discovery, summary judgment motions and trial"); *Omnitracs*, 2021 WL 857005, at *3 (granting a stay pre-institution after parties had served and responded to document requests and interrogatories but before a trial date was set).

The stage of the case, in fact, is a reason why staying the case now would be particularly efficient, and is part-and-parcel of why Beckman moves *ex parte*. The parties are about to embark on a resource-intensive phase of the case. While no depositions have yet been taken (besides the handful of depositions associated with preliminary injunction proceedings in the first months of this case), both sides intend to take multiple fact depositions over the next several weeks. Plaintiffs already have requested in-person depositions of witnesses who live and work in Europe, necessitating the time and expense of international travel. And Plaintiffs just last week served a deposition notice under Rule 30(b)(6) listing more than sixty topics on which they seek corporate testimony from Beckman. In addition, the parties already have had a number of discovery disputes and are likely to have more, including some that require intervention from the Court. Fact discovery is currently scheduled to close on August 17, 2022.

All discovery, including expert discovery, is then scheduled to close on December 14, 2022. Given the complex chemistry at issue in this case, expert discovery will require reports and depositions from multiple technical witnesses, as well as economic experts who can address issues of damages and injunctive relief.

As discussed in connection with the first factor, all of this fact and expert discovery may be unnecessary, or its scope narrow considerably, depending on the outcome of the IPRs. Yet, all of it is scheduled to happen before the PTAB's decision, which can be expected by the end of 2022. *See* 35 U.S.C. § 314(b).

Finally, while courts have sometimes noted the fact that claim construction had not yet occurred as a factor favoring a stay, because the court might benefit from the decision of the PTAB, the converse is not true. The fact that claim construction proceedings *have* occurred in this case is not a reason to *deny* a stay. *FastVDO LLC v. AT&T Mobility LLC*, No. 3:16-cv-00385-H-WVG, 2017 WL 2323003, at *3 (S.D. Cal. Jan. 23, 2017) (granting stay after (1) the parties had exchanged their respective infringement and invalidity contentions; (2) the court had issued a claim construction order; (3) the parties had completed fact discovery; (4) expert discovery was well underway with the parties having exchanged opening expert reports and rebuttal expert reports; and (5) the trial date was only three months away); *see also, e.g.*, *Procter & Gamble Co. v. CAO Grp., Inc.*, No. 1:13-cv-337, 2014 WL 3573597, at *2 (S.D. Ohio July 21, 2014) (granting stay after claim construction proceedings in view of IPR petition that had not yet been instituted). If anything, claim construction here has made it more likely that institution will be granted, given the breadth of the claims.[4]

### C.   A Stay Will Not Prejudice Plaintiffs—and the Equities Favor a Stay.

The final factor for the Court to consider is whether a stay will prejudice Plaintiffs. *See Am. GNC*, 2018 WL 1250876, at *4 ("The inquiry a court makes in assessing prejudice is 'whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.'" (quoting *Medicis Pharm. Corp. v. Upsher-Smith Labs., Inc.*, 486 F. Supp. 2d 990, 993–94 (D. Ariz. 2007))). It will not. This is a case seeking relatively modest money damages from a decades-old leader in

---

[4] Two of the three terms at issue before the Court at claim construction relate principally to infringement, and are not at issue in the PTAB proceedings.

the industry, *see* ECF No. 43-1 at 20; there is no basis to conclude that Plaintiffs will fail to be compensated if the patents survive IPR and ultimately are found to be valid and infringed.  And as to other, non-monetary injuries, the same reasons why this Court already determined that there was no irreparable harm warranting a preliminary injunction similarly mean there would be no prejudice from a stay.  Simply put, Plaintiffs' alleged injuries are compensable with money damages.  Waiting a few more months to collect—or for Plaintiffs' damage claim to grow slowly—is a modest price to pay for the efficiencies of a stay.

In fact, the equities of this case make this factor count, if at all, in favor of Beckman.  The reason why Beckman did not file IPRs months ago is that until the end of March 2022, the number of claims and patents in this case made them impractical: Plaintiffs asserted more than 300 claims and 13 patents.  Filing IPRs on that many claims and patents would have been a herculean undertaking—and an unwarranted one, given the Court's directive at the preliminary injunction hearing that the case should narrow.  The filing fees alone on that many claims would have totaled in excess of $600,000, to say nothing of attorney and expert fees.  *See* 37 C.F.R. § 42.15(a).  Since Plaintiffs elected 30 claims to pursue in the next stages of the case, Beckman has worked diligently to prepare IPRs, and the time since March has been necessary.  For example, the IPR filings necessitated and included a 385-page declaration from Beckman's expert.  Under these circumstances, Plaintiffs should not be heard to complain that they are prejudiced by a modest stay pending IPR institution, nor, if institution is granted, by a longer stay for the PTAB to adjudicate this highly technical case.

## III.   CONCLUSION

For all the foregoing reasons, this Court should grant a stay while the PTAB decides whether to institute IPR on the patents-in-suit.  Beckman respectfully requests such a stay of all case deadlines pending institution, and that the parties be directed to file a status report with their respective positions on whether the stay should be

continued no later than seven days after the PTAB issues the last of the six institution decisions on Beckman's IPR petitions.

Dated: July 6, 2022                           Respectfully submitted,

                                              /s/ David M. Krinsky

                                              **BEHMER & BLACKFORD LLP**
                                              Timothy S. Blackford (SBN 190900)
                                              12526 High Bluff Drive, Suite 300
                                              San Diego, CA 92130
                                              Telephone: 858-792-3420

                                              **WILLIAMS & CONNOLLY LLP**
                                              Thomas H. L. Selby* (D.C. Bar No. 468855)
                                              David M. Krinsky* (D.C. Bar No. 978190)
                                              Teagan J. Gregory* (D.C. Bar No. 1019258)
                                              Anthony Sheh* (D.C. Bar No. 166605)
                                              D. Shayon Ghosh (Cal. Bar No. 313628)
                                              680 Maine Avenue SW
                                              Washington, DC 20024
                                              Telephone: 202-434-5000
                                              Facsimile: 202-434-5029
                                              * Admitted *pro hac vice*

                                              *Attorneys for Defendant*
                                              *Beckman Coulter, Inc.*