Jesse Hindman, Cal. Bar No. 222935
**EDLESON, REZZO & HINDMAN**
402 W. Broadway, Suite 1520
San Diego, CA  92101
Telephone: (619) 255-4078
Email: jesse@erhlawfirm.com

Barbara A. Fiacco*, Mass. Bar No. 633618
Donald R. Ware*, Mass. Bar No. 516260
Jeremy Younkin*, Mass. Bar No. 654047
Stuart Knight*, NY Bar No. 5757927
Joanna L. McDonough*, Mass. Bar No. 699054
* admitted *pro hac vice*

**FOLEY HOAG LLP**
155 Seaport Boulevard
Boston, MA 02210
Phone: (617) 832-1000

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BECTON, DICKINSON AND COMPANY, SIRIGEN, INC., and SIRIGEN II LIMITED<br><br>    Plaintiffs,<br><br>    v.<br><br>BECKMAN COULTER, INC.,<br><br>    Defendant. | Case No. 3:21-cv-01173-CAB-NLS<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* MOTION TO STAY PENDING *INTER PARTES* REVIEW**<br><br>**REDACTED VERSION** |

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* MOTION TO
STAY PENDING *INTER PARTES* REVIEW

1          The Court should deny Defendant Beckman Coulter Inc.'s motion to stay this
2   case because a stay would be neither fair nor efficient.  Unlike most of the cases
3   cited in Beckman's motion, this lawsuit is between head-to-head competitors, and
4   Beckman is marketing its infringing products in direct competition with Plaintiffs'
5   products in an effort to capture Plaintiffs' market share.  Beckman's strategic
6   decision to wait until the June 29, 2022 deadline—a full 365 days after it was
7   served with the Complaint—to complete its filing of the IPR petitions underscores
8   the unfairness that would result from a stay.  Beckman chose not to file petitions
9   earlier ██████████████████████████████████████████████████
10  ████████████████████████ even though Beckman's petitions are substantially identical to
11  arguments Beckman made to this Court in September 2021.  Because of Beckman's
12  delay, the PTAB decisions on whether to institute are expected in January 2023,
13  just a few months before the May 2023 pre-trial hearing in this case.
14         In the year before Beckman filed its IPR petitions, the parties and the Court
15  invested significant resources in this case.  The parties completed preliminary
16  injunction proceedings, exchanged infringement and invalidity contentions,
17  conducted extensive written discovery, briefed multiple discovery disputes,
18  completed *Markman* proceedings, and substantially completed document
19  production.  This Court has adjudicated Plaintiffs' preliminary injunction motion,
20  disagreements about claim and defense narrowing, and issued a claim construction
21  order that eliminated Beckman's non-infringement arguments for many asserted
22  claims.  Magistrate Judge Stormes has resolved multiple discovery disputes.
23         Beckman's assertions that a stay will promote efficiency no matter what the
24  PTAB does is simply wrong.  If the PTAB decides not to institute IPRs, there will
25  be no efficiency gains whatsoever and six months will have been wasted.  If the
26  PTAB institutes and does not invalidate all asserted claims, the parties will still be
27  required to resolve the myriad infringement, validity, damages, and injunctive relief
28  issues that remain.  Beckman's speculative suggestion that the PTAB is sure to

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* MOTION TO
STAY PENDING *INTER PARTES* REVIEW

invalidate all challenged claims is wishful thinking that cannot justify a stay here.

In short, with fact discovery nearing its conclusion, the Court should reject Beckman's attempt to derail this litigation and forestall the consequences of its willful infringement simply because there is a possibility that the PTAB might institute proceedings on Beckman's eleventh-hour IPR petitions.

## I.   FACTUAL BACKGROUND

### A.   Beckman launched the accused products █████████████

██████████

Discovery in this case has confirmed that ████████████



---

[1] All exhibits cited herein are attached to the Declaration of Barbara A. Fiacco in support of Plaintiffs' Opposition to Defendant's *Ex Parte* Motion to Stay Pending *Inter Partes* Review.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* MOTION TO STAY PENDING *INTER PARTES* REVIEW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20          Beckman currently markets its SuperNova reagents in head-to-head

21    competition with Plaintiffs' Brilliant Violet (BV) reagents and claims that the

22    SuperNovas are superior to what Beckman refers to as "their BV*421 equivalent."

23    Ex. E at 5.

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* MOTION TO
STAY PENDING *INTER PARTES* REVIEW

**B.   Plaintiffs promptly filed suit and diligently pursued their claims**

Following Beckman's commercial launch of the SuperNova dyes in March 2021, Plaintiffs promptly filed their complaint on Friday, June 25, 2021, which was served the following Tuesday, June 29. (Doc. Nos. 1, 11.)  The next day, Plaintiffs filed a motion for preliminary injunction focused on two of the asserted patents, the '285 and '989 patents.  (Doc. No. 9.)  Beckman filed its opposition brief on September 2, 2021 (Doc. No. 42), after initial document discovery and depositions of Plaintiffs' fact and expert declarants. Beckman's opposition papers included a 76-page declaration by Dr. Colin Nuckolls, a polymer chemist who opined that the '285 and '989 patents were anticipated and rendered obvious by the Gaylord '164 patent and the Xue 2009 reference.  (Doc. No. 42-1.)  At the preliminary injunction hearing, the Court denied Plaintiffs' motion but agreed that "we need to try to keep your schedule moving."  Ex. G at 46.

Since the initial document production and depositions conducted at the preliminary injunction stage, the parties have engaged in extensive discovery and motion practice.  Following briefing on claim term disputes that included a second round of expert depositions, the Court issued its claim construction ruling which rejected Beckman's proposed constructions and thereby eliminated Beckman's non-infringement arguments with respect to multiple accused products and multiple asserted patents. ███████████████████████████████████████████████ ███████████████████████████████████████████████████ ██████████████████████████████

The parties have also expended significant resources on written discovery and document production.  They exchanged infringement and invalidity contentions, answered interrogatories, briefed multiple discovery disputes, and substantially completed document production.  Plaintiffs have produced approximately 325,000 pages of material, including laboratory notebooks and other scientific information, sales and marketing information, as well as Plaintiffs'

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* MOTION TO
STAY PENDING *INTER PARTES* REVIEW

contention interrogatory responses and expert reports addressing validity issues—including secondary considerations of non-obviousness—from a prior case involving one of the patents at issue here as well as related patents.  Beckman has produced approximately 305,000 pages.

In addition, deposition scheduling is underway as Plaintiffs have identified the initial witnesses they intend to depose and Beckman has indicated that it intends to bring its European employees to the U.S. for deposition.  Plaintiffs have also served a Rule 30(b)(6) deposition notice on Beckman.  In short, Plaintiffs have diligently sought to complete fact discovery prior to the August 17 deadline and are now just waiting on Beckman to provide deposition dates.

### C.   Beckman filed IPR petitions a year after service of the Complaint

On June 28 and June 29, the last day of the statutory deadline, Beckman filed IPR petitions challenging claims of each of the six elected asserted patents.[2]  With each of its petitions, Beckman proffered a declaration by Dr. Colin Nuckolls who opined that the six patents (including the '285 and '989 patents on which he opined at the preliminary injunction stage of the case) were anticipated and rendered obvious by the Gaylord '164 patent and the Xue 2009 reference.  Beckman then waited another week before informing Plaintiffs that it intended to seek a stay of this case pending the PTAB's decision whether to institute IPR proceedings.  The PTAB's decisions on whether to institute proceedings are not expected until January 2023.  35 U.S.C. § 314(b).[3]

---

[2] Five of Beckman's petitions were filed on June 28, and the sixth was filed on June 29.

[3] Pursuant to 37 C.F.R. § 42.107(b), Plaintiffs intend to file a preliminary response to Beckman's petitions within 3 months after the PTAB issued a notice indicating that Beckman's IPR requests have been granted a filing date.  The PTAB issued such notices with respect to Beckman's petitions between July 7 and July 12.  Accordingly, Plaintiffs' preliminary responses are due in October.  Under 35 U.S.C.
(continued on next page…)

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* MOTION TO STAY PENDING *INTER PARTES* REVIEW

## II.   ARGUMENT

In this Circuit, courts consider three factors in determining whether to stay a case pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *KFX Med., LLC v. Stryker Corp.*, 2019 U.S. Dist. LEXIS 77251, at *4 (S.D. Cal. May 7, 2019) (citing cases).

There is no *per se* rule that patent cases should be stayed pending post-grant review "because such a rule would invite parties to unilaterally derail litigation." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.,* 2014 U.S. Dist. LEXIS 4025, at *2 (N.D. Cal. Jan. 13, 2014).  "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (internal citations omitted).  Beckman cannot meet its burden in this case.

### A.   The Stage of the Case Weighs Against Issuance of a Stay.

The first factor focuses on the stage of the litigation when the stay request is made.  As set forth above, the Court issued its claim construction decision in May, the parties have exchanged invalidity and infringement contentions as well as interrogatory responses, document production is substantially complete, and Plaintiffs have identified initial witnesses for deposition.  The fact discovery period is set to close in just over a month.  This case therefore is not at an early stage, and Beckman's assertions to the contrary ignores everything that has happened over the past year.

Because this case is not in an early stage of proceedings, this factor weighs against a stay.  *See, e.g, Verinata Health*, 2014 U.S. Dist. LEXIS 4025, at *2.  In *Verinata Health*, the court considered a stay motion brought, as here, after

§ 314(b), the PTAB will decide whether to institute any IPRs within three months after receiving Plaintiffs' preliminary responses (*i.e.*, in January 2023).

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* MOTION TO
STAY PENDING *INTER PARTES* REVIEW

infringement and invalidity contentions had been exchanged, the disputed claim terms had been construed, and some document production had been made. *Id*. The court held that this factor weighed ***against*** a stay because the case "is not in an early stage of proceedings." *Id*. (internal quotation and citation omitted). In doing so, the court rejected the same argument that Beckman makes here: because there was "much more work ahead of the parties, including the completion of fact and expert discovery," this factor weighs in favor of a stay. *Id*.

Likewise, in *Interwoven, Inc. v. Vertical Computer Sys*., 2012 U.S. Dist. LEXIS 30946, at *11 (N.D. Cal. Mar. 8, 2012), the court denied a stay request in circumstances similar to those of this case: discovery was "well underway" and "[m]ore importantly, the parties have fully briefed the issue of claim construction, attended a *Markman* hearing, and received a claim construction."

The cases relied upon by Beckman are easily distinguishable. In *Taction Tech., Inc. v. Apple Inc.,* 2022 U.S. Dist. LEXIS 14558 (S. D. Cal. Jan. 26, 2022) and *Am. GNC Corp. v. LG Elecs. Inc*., 2018 U.S. Dist. LEXIS 40240 (S.D. Cal. Mar. 12, 2018), the court considered a stay motion before the claim construction hearing had taken place. Moreover, in *American GNC*, unlike here, the parties ***agreed*** that this factor did not weigh against a stay, and the court explained that courts will deny a stay where, as here, "the parties and the Court have expended substantial resources." 2018 U.S. Dist. LEXIS 40240, at *7.

When the stay was granted in *Omnitracs, LLC v. Platform Sci., Inc*., 2021 U.S. Dist. LEXIS 26107, at *9 (S.D. Cal. Feb. 26, 2014), the case was "still in its infancy," as the parties had only exchanged initial disclosures and completed an initial round of document requests and interrogatories.

Finally, Beckman cited *TAS Energy, Inc. v. San Diego Gas & Elec. Co.,* 2014 U.S. Dist. LEXIS 43055 (S.D. Cal. Mar. 8, 2021), in an effort to support its contention that a stay would be appropriate even if, as here, the case is not in its early stages. However, Beckman failed to note that the plaintiff in that case ***agreed***

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* MOTION TO
STAY PENDING *INTER PARTES* REVIEW

1   that a stay would be appropriate. *Id.* at *4 (plaintiff sought a partial stay under

2   which the claim construction hearing date would be maintained, but then the case

3   would be stayed).

4       **B.   Beckman Has Not Established That a Stay Will Simplify the Issues**

5           **in this Case.**

6       Beckman's argument that a stay will simplify the issues in this case is based

7   entirely on its unfounded assumption that the PTAB will institute IPRs on all six

8   petitions.  If the PTAB denies institution, there are no efficiency gains, and

9   Beckman does not seriously argue otherwise.  It vaguely asserts that PTAB

10  decisions denying institution may "inform what prior art defenses are presented in

11  this Court" without explaining how this will simplify the issues in this case.

12  Beckman Motion at 7.  Notably, Beckman is not agreeing to withdraw its

13  anticipation and obviousness defenses if the PTAB refuses to institute.

14      Furthermore, if the PTAB institutes IPRs on Beckman's petitions but does

15  not invalidate all asserted claims, any efficiency gains will be modest.  Beckman

16  will be estopped from presenting its invalidity arguments based on printed

17  publication prior art, but can still pursue its myriad other invalidity arguments

18  alleging lack of enablement, written description, and indefiniteness—as well as any

19  non-infringement arguments that survived this Court's *Markman* decision.  In short,

20  the issues in this case are complex whether Beckman's printed publication-based

21  defenses are in or out.[4]

22

23

24  [4] Beckman's self-serving and unsupported assertions that "IPRs are highly likely to

25  be instituted" and its conclusory argument that "the claims are plainly invalid" cannot
    justify a stay.  Beckman Motion at 1.  Indeed, if the claims were so obviously invalid,

26  as Beckman now claims, it should have filed its petitions long ago.  Moreover, data
    published by the PTO show that of the 694 post-grant petitions resolved between

27  October 2021 and March 2022, only 24% concluded with a PTAB decision that

28  invalidated all challenged claims. Ex. I.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* MOTION TO
STAY PENDING *INTER PARTES* REVIEW

Although Beckman argues that it has filed petitions directed to every one of the elected asserted claims in this litigation, that fact is hardly determinative. Courts have denied motions for stays in similar circumstances. *See Verinata Health*, 2014 U.S. Dist. LEXIS 4025, at ** 2, 12; *Memjet Tech. Ltd. v. Hewlett-Packard Co.*, 2016 U.S. Dist. LEXIS 122975, at *7 (S.D. Cal. June 2, 2016). In *Memjet*, Hewlett-Packard sought a stay after filing IPR petitions challenging every asserted claim in Memjet's eight asserted patents and argued that the likelihood that review will be granted is "probable." 2016 U.S. Dist. LEXIS 122975, at *7. The court denied the stay request, reasoning that the case had been pending for 10 months, the decisions on some of the petitions were not expected for another 3 to 4 months, and there was no guarantee that the Patent Office would review the claims. *Id*. at *8.

Here, Beckman's petitions were filed after this case had been pending for a year, and decisions on the petitions are not expected before January—more than 18 months after the Complaint was filed. Beckman concedes that there is no guarantee that the Patent Office will review all of the 30 claims elected for pursuit in this case. A stay will not simplify the issues in this case over the next 6 months—and may very well never do so. *See, e.g., Flexstent v. Abbott Labs*., 2019 U.S. Dist. LEXIS 233802, *5 (C.D. Cal. June 5, 2019) ("Where the PTAB has yet to decide whether to move forward with IPR, staying the litigation is less likely to simplify the proceedings for the Court and the parties.").

**C.   A Stay Would Unduly Prejudice Plaintiffs.**

When evaluating prejudice, courts consider: (1) the timing of the IPR petitions; (2) the timing of the request for stay; (3) the status of the IPR proceedings; and (4) the relationship of the parties. *See Memjet*, 2016 U.S. Dist. LEXIS 122975, at *8.

Beckman's eleventh-hour filing of its IPR petitions in this patent dispute between competitors weighs against a stay. Plaintiffs will be unfairly prejudiced if

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* MOTION TO STAY PENDING *INTER PARTES* REVIEW

Beckman is allowed to continue marketing and selling its SuperNova reagents—and launching new reagents—in direct competition with Plaintiffs' reagents while this case sits idle. During a stay, Beckman will seek to take market share from Plaintiffs, exacerbating the harm that Plaintiffs have already suffered. *See, e.g., Memjet*, 2016 U.S. Dist. LEXIS 122975, at \*7 (denying stay where parties competed in the same market because stay could prejudice the plaintiff's ability to compete with the defendant); *Interwoven*, 2012 U.S. Dist. LEXIS 30946, at \*\*8-9 ("The parties' status as direct competitors also weighs against a stay because it increases the likelihood of undue prejudice."). As the court in *Verinata Health* noted, "[c]ourts are generally reluctant to stay proceedings where the parties are direct competitors." U.S. Dist. LEXIS 4025, at \*9 (quoting *Boston Sci. Corp. v. Cordis Corp.*, 777 F. Supp.2d 783, 789 (D. Del. 2011)).

Beckman's delay in filing the petitions and seeking a stay supports the conclusion that this prejudice is unfair. Beckman ███████████████████ ████████████ and it had developed its printed publication-based defense by September 2, 2021, when it opposed Plaintiffs' preliminary injunction motion. Indeed, Beckman's IPR petitions make the same arguments that Beckman made to this Court at the preliminary injunction stage, using the same technical expert to opine on the same two prior art references for its anticipation and single-reference obviousness arguments.

Yet Beckman waited to file its petitions until after the parties and the Court expended significant resources on this case—and after discovery and the *Markman* proceedings underscored the weaknesses in Beckman's litigation positions.[5] Beckman's petitions were filed after the Court issued a *Markman* decision under which each of Beckman's commercialized polymer dyes (either in final form or in

---

[5] Beckman suggests that it did not file its petitions earlier because it preferred to wait until months after Plaintiffs elected the 30 asserted claims it would maintain in this action. However, the petitions do not present narrowly tailored challenges to the elected asserted claims and instead challenge many claims that Plaintiffs did not elect.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* MOTION TO
STAY PENDING *INTER PARTES* REVIEW

their intermediary form) indisputably infringes numerous asserted claims.  They were also filed after Beckman's document production revealed the extent of Beckman's willful infringement and Plaintiffs provided Beckman with their contentions concerning secondary considerations of non-obviousness, identifying the mountain of evidence underlying those contentions.  (Surprisingly, Beckman represented to the PTAB in its IPR filings that "Beckman is unaware of any such considerations pointing towards non-obviousness." *E.g.*, Ex. J.)  Beckman's strategic decision to pivot to the PTAB only after it received an unfavorable *Markman* decision and faced damaging discovery in this litigation should not be rewarded with a stay.

## III.  CONCLUSION

For the foregoing reasons, this Court should deny Beckman's motion for a stay.

Dated: July 15, 2022

Respectfully submitted,

By s/ Jesse Hindman
Attorneys for Plaintiffs
Email:  jesse@erhlawfirm.com

PLAINTIFFS' OPPOSITION TO DEFENDANT'S *EX PARTE* MOTION TO STAY PENDING *INTER PARTES* REVIEW