UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECTON, DICKINSON AND COMPANY; SIRIGEN, INC; and SIRIGEN II LIMITED,<br><br>                                  Plaintiffs,<br><br>v.<br><br>BECKMAN COULTER, INC.,<br>                                  Defendant. | Case No.:  21cv1173-CAB (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO ENFORCE; and**<br><br>**(2) DENYING EX PARTE MOTION TO FILE SUR-REPLY**<br><br>**[ECF Nos. 177, 197]** |

Before the Court is Defendant's motion to enforce the Court's previous order regarding Discovery Dispute No. 4.  ECF No. 177.  Plaintiffs filed an opposition, and Defendant filed a reply.  ECF Nos. 189, 194.  Plaintiffs then filed an *ex parte* motion for leave to file a sur-reply, and Defendant opposed this request.  ECF Nos. 197, 198.  For the reasons discussed below, the Court **DENIES** the motion to enforce and **DENIES** the motion for leave to file a sur-reply.

**I.     BACKGROUND**

This is an action for patent infringement where Plaintiffs accuse Defendant Beckman of infringing several of their patents.  The asserted patents all relate to chemical structures of fluorescent polymer dyes that are used in flow cytometry.  The dyes allow

scientists to label and detect biological materials of interest in a sample, including small populations of difficult to detect proteins and cells. ECF No. 1 at ¶ 2. The accused products are Beckman's polymer dye products, its SuperNova Fluorescent Polymer Dyes. *Id.* at ¶ 4.

On April 29, 2022, the parties filed a joint motion for determination of Discovery Dispute No. 4. ECF No. 123. The dispute involved one single Request for Production, No. 18, recited below:

> **Request for Production No. 18**: A copy of any document produced by Plaintiffs or The Regents of the University of California in *The Regents of the University of California, et al. v. Affymetrix, Inc., et al.*, Case No. 17-cv-1394 (S.D. Cal.).

ECF No. 123 at 2. The Court granted the request to compel production on this request in part and ordered that Plaintiffs produce the following:

> (1) (i) documents in the "materials considered" sections of the *Affymetrix* expert reports produced in this case; (ii) documents marked as deposition exhibits in the *Affymetrix* deposition transcripts produced in this case; or (iii) cited in unredacted portions of Plaintiffs' *Affymetrix* interrogatory responses produced in this case;
>
> (2) documents (other than custodial ESI) that are within the scope of documents Plaintiffs have agreed to produce in this case and were produced in *Affymetrix* but were not captured by the document collection conducted in response to Defendant's document requests; and
>
> (3) documents from the *Affymetrix* production regarding the one patent that is in common with this instant litigation.

ECF No. 147 at 11-12. Defendant then brought this instant motion, arguing that Plaintiffs failed to produce adequately in accordance with the Court's discovery order.

## II.   **DISCUSSION**

Defendant advances two primary arguments for why it believes Plaintiffs are withholding documents and have not adhered to the Court's prior discovery order. First,

Defendant argues that Plaintiffs have misinterpreted the Court's order that they produce documents from the *Affymetrix* production "regarding" the one patent common between *Affymetrix* and the instant case, U.S. Patent No. 8,575,303 ("the '303 patent"). ECF No. 177 at 10. Specifically, Defendant argues that "regarding" cannot mean only documents that mention the '303 patent, but must at least also include research and development that lead to the inventions disclosed or claimed in the patent. *Id.* Under this interpretation, Defendant argues that Plaintiffs have only produced "a handful" of documents regarding the research and development of the inventions. *Id.* at 5. Plaintiffs disagree with this characterization of its production. While they admit that the specific searches they ran on the *Affymetrix* production were for the '303 patent and the patent application that issued as that patent, they state that they have produced many other documents related to the research and development including: 100 laboratory notebooks, dozens of monthly reports covering research and development work, 200 Life Sciences Research Reagents team updates, and inventor testimony from *Affymetrix*. ECF No. 189 at 12, 15-16.

     On this first issue, the Court finds that Plaintiffs have sufficiently produced as to the scope of "regarding" the '303 patent. They have searched for the patent and its application in the *Affymetrix* production, as well as produced many other documents related to the common inventions at the core of the family of patents. Moreover, the '303 patent is a patent-in-suit in this instant case. Thus, the Court expects that Defendant has separately issued many requests for production and other discovery seeking all relevant information on the '303 patent in this case separate from the Request for Production for discovery regarding the *Affymetrix* production that was at issue in Discovery Dispute No. 4. Thus, the previous order that Plaintiffs produce documents related to the '303 patent from the *Affymetrix* production was meant to cover information that was somehow in that production that would not have turned up in any current search for any reason. In addition to the searches Plaintiffs have run and the documents they have already produced, the Court reminds both parties that Plaintiffs were also ordered to produce "documents (other than custodial ESI) that are within the scope of documents Plaintiffs

have agreed to produce in this case and were produced in *Affymetrix* but were not captured by the document collection conducted in response to Defendant's document requests." Thus, if Defendant propounded discovery requests in this litigation targeting research, development, and other relevant topics on the patents-in-suit—which include the '303 patent—Plaintiffs are under obligation from this part of the Order to find responsive documents in the *Affymetrix* production that were somehow not captured in the production in this litigation.

Second, apart from the dispute above about the scope of "regarding," Defendant also argues that the search regarding the '303 patent must include ESI documents, including from three inventors of the patent, Ds. Brent Gaylord, Glenn Bartholomew, and Janice Hong. ECF No. 177 at 15. Each of these individuals have also been listed as ESI custodians in this case. Plaintiffs object to this request, arguing that the parties carefully crafted the ESI agreement in this case, intending it to be reciprocal in terms of obligations for both parties, and that this request would require them to search more ESI than intended by the parties agreement. ECF No. 189 at 6-8.

On this issue, the Court agrees with Plaintiffs. The three inventors are custodians in the instant litigation and if Defendant wanted information related to the '303 patent, a patent-in-suit, as to research, development, or any other issue, it could have chosen search terms to target that information. Given the documents that have already been produced by Plaintiffs regarding the '303 patent, the Court will not order further search of the *Affymetrix* ESI in response to Discovery Dispute No. 4.

Related to this motion, the parties also filed a reply, a motion for leave to file a sur-reply, and an opposition to the motion for leave. ECF Nos. 194, 197, 198. Because the Court finds it sufficient to resolve the motion on the opening brief and opposition, the Court **DENIES** the motion for leave to file the sur-reply.

//
//
//

### III. CONCLUSION

After due consideration and for the reasons stated above, the Court **DENIES** Defendant's motion to enforce the Court's previous discovery order and **DENIES** Plaintiffs' motion to file a sur-reply.

**IT IS SO ORDERED.**

Dated: October 13, 2022

Hon. Nita L. Stormes
United States Magistrate Judge