UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECTON, DICKINSON AND COMPANY; SIRIGEN, INC; and SIRIGEN II LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>BECKMAN COULTER, INC.,<br><br>Defendant. | Case No.: 21cv1173-CAB (NLS)<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 5**<br><br>**[ECF No. 215]**<br><br>**[REDACTED PUBLIC VERSION]** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 5. ECF No. 215. Upon consideration and for the reasons stated below, the Court **DENIES** Plaintiffs' motion to compel further discovery.

**I.      BACKGROUND**

This is an action for patent infringement where Plaintiffs accuse Defendant Beckman of infringing several of their patents. The asserted patents all relate to chemical structures of fluorescent polymer dyes that are used in flow cytometry. The dyes allow scientists to label and detect biological materials of interest in a sample, including small populations of difficult to detect proteins and cells. ECF No. 1 at ¶ 2. The accused products are Beckman's polymer dye products, its SuperNova Fluorescent Polymer Dyes.

1 *Id.* at ¶ 4.

## II. DISCUSSION

Discovery dispute No. 5 involves Beckman's assertion of attorney client privilege regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Specifically, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Plaintiffs argue that the information they seek is relevant to Beckman's claim that they did not copy the patented inventions and came up with their own design as a non-infringing alternative. ECF No. 217 at 2. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* Beckman scientist Arunkumar Easwaran was questioned regarding this topic during his deposition. *Id.* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ When probed further regarding the substance of the conversations with counsel regarding ▓▓▓▓▓▓▓▓▓▓▓▓ Beckman's counsel asserted attorney-client privilege and instructed Dr. Easwaran not to answer. *Id.* at 3. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ counsel instructed Dr. Easwaran that he could answer based on his own understanding of the patent claims but that he could not disclose communications with counsel on the same matter. *Id.* at 3-4. Plaintiffs argue that Beckman's assertion of the attorney-client privilege is not proper because it has been waived by Beckman's selective disclosure of information regarding ▓▓▓▓▓▓▓▓▓▓▓▓.

Beckman counters that it responded to discovery in the exact way mandated by the law. It asserted privilege over materials that implicated attorney-client communications. However, it had to produce documents and provide testimony that did not disclose such communications, but was instead based on its employees' independent knowledge and analysis. ECF No. 217 at 11. Beckman asserts that these disclosures were mandated

1 because they could not properly be covered under the attorney-client privilege. *Id.* at 12-
2 13.  By doing so, however, Beckman argues that these disclosures did not waive its
3 ability to assert privilege over the actual communications.  *Id.* at 13.

4       "The doctrine of waiver of the attorney-client privilege is rooted in notions of
5 fundamental fairness." *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340-41 (9th Cir.
6 1996).  As such, "the privilege which protects attorney-client communications may not be
7 used both as a sword and a shield.  Where a party raises a claim which in fairness
8 requires disclosure of the protected communication, the privilege may be implicitly
9 waived." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (internal
10 citation omitted).  An implied waiver of the privilege is found where "(1) the party asserts
11 the privilege as a result of some affirmative act, such as filing suit; (2) through this
12 affirmative act, the asserting party puts the privileged information at issue; and (3)
13 allowing the privilege would deny the opposing party access to information vital to its
14 [claim]." *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir.
15 1995).  "[P]rivileged communications do not become discoverable simply because they
16 are related to issues raised in the litigation." *United States v. Amlani*, 169 F.3d 1189,
17 1195 (9th Cir. 1999).

18       Courts have found that parties take an "affirmative act" when they raise a good
19 faith affirmative defense or reliance on advice of counsel argument. *See, e.g.*, *Columbia*
20 *Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196
21 (9th Cir. 2001) (waiver where party argued that he continued infringing activities based
22 on advice of counsel); *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 241–42 (N.D.
23 Cal. 2015) (waiver where party raised affirmative defense that disclosure of confidential
24 information was inadvertent).  However, neither the "magic words 'advice of counsel'"
25 need to be used, nor does the party asserting privilege actually need to make sure of
26 privilege communications in its defense or claim in order for courts to find waiver.
27 *United States ex rel. Calilung v. Ormat Indus.*, No. 3:14-cv-00325-RCJ-VPC, 2016 U.S.
28 Dist. LEXIS 100292, at *11-15 (D. Nev. Aug. 1, 2016).  A party is found to have taken a

1  sufficient "affirmative act" if their affirmative defense goes beyond a "mere denial" and
2  the party "put[s] its state of mind and knowledge . . . at issue." *Id.*; *see, e.g.*, *In re*
3  *Broadcom Corp. Sec. Litig.*, Nos. SA CV 01-275-GLT (MLGx), SA CV 02-301-
4  GLT(ANx), 2005 U.S. Dist. LEXIS 44424, at *9 (C.D. Cal. Feb. 10, 2005) (waiver found
5  when "[r]ather than simply deny[ing] scienter, defendants assert good faith based on an
6  expectation the lawyers would tell them if anything illegal was happening"); *Regents of*
7  *the Univ. of Cal. v. Micro Therapeutics, Inc.*, No. C 03 05669 JW (RS), 2007 U.S. Dist.
8  LEXIS 54054, at *13-14 (N.D. Cal. July 13, 2007) (waiver found where party claimed
9  good faith belief that article did not have to be disclosed to PTO as a defense to an
10 inequitable conduct claim).

The main dispute between the parties centers on whether Beckman's actions can fairly be said to have been an "affirmative act." Plaintiffs argue that Beckman waived the right to assert privilege over any documents and testimony regarding ███████ ████████ by asserting that it designed around Plaintiffs' IP in good faith and that it held a good-faith belief that their polymers did not infringe the patents. ECF No. 217 at 6. By doing so, Plaintiffs argue that Beckman put its state of mind regarding infringement at issue. *Id.* On the other hand, Beckman argues that it has taken no affirmative act here because all it has done is to respond to discovery requests and deposition questions posed by Plaintiffs. *Id.* at 15; *see, e.g.*, *Vuz v. DCSS III, Inc.*, No. 20-CV-0246-GPC-AGS, 2022 WL 542883, at *4 (S.D. Cal. Feb. 23, 2022) (no waiver where party "answered some of the defense's questions about her notes, while her attorney raised privilege objections to that line of examination" because party "consistently tried to shield her notes from disclosure—and never attempted to use them as a 'sword'"). Beckman also argues that in its answer to the complaint, it has not raised an affirmative defense of good faith conduct and it has only denied the allegations. ECF No. 217 at 15; *see* ECF No. 33.

At this stage of the litigation, the Court agrees with Beckman. The actions that it has taken to date do not arise to the level of an "affirmative act" that compels waiver of the privilege asserted. Plaintiffs appear to argue that Beckman waived this privilege by

producing *any* documents and allowing its witnesses to provide *any* testimony on ▮▮—in other words, that the only way for Beckman to protect the privilege was to blanketly claim privilege over this entire issue. Plaintiffs' view is that, because counsel was consulted at some point, it is impossible to "divide its scientists' state of mind between their allegedly independent subjective beliefs and those formed with the advice of Beckman's lawyers." ECF No. 217 at 8. The Court finds that this view is too narrow. When directing its scientist witnesses, Beckman states that it was careful to assert the privilege as to anything that would reveal the substance of any privileged communications and limit testimony and documents to those that revealed the scientist's independent views. *Id.* at 11. This was proper—if the scientists had no independent views, they could have stated so, and if Plaintiffs believe that the scientists do not have the requisite background to form independent views, they could test and attack the credibility of their testimony at trial. Without more to show that Beckman intends to rely on its counsel's advice regarding ▮▮, the Court cannot find a waiver of privilege at this time.

Further, focusing on the fundamental fairness that is the central pillar of privilege waiver, Beckman's disclosure here is different from those found to be a waiver in other situations. Plaintiffs argue that Beckman "strategically chose" to disclose information related to ▮▮, but it appears to the Court that Beckman tried to toe this line carefully by disclosing what it felt it had to because it could not squarely claim privilege over the documents and testimony. In this circumstance and at this point in time in the litigation, the Court cannot find have that fundamental fairness justifies finding waiver of the privilege. *See Home Indem. Co.*, 43 F.3d at 1326 (even if an affirmative act was taken and puts privileged communications at issue, denying disclosure still must be "manifestly unfair" to require waiver).

Having found no waiver at this time, however, does not foreclose Plaintiffs' ability to seek further relief if necessary. If, as the case proceeds to summary judgment and eventually to trial, Beckman takes any action to show its intention to raise a reliance on

counsel or other good faith defense regarding ▮▮▮▮▮▮▮▮▮▮, Plaintiffs may again raise the issue as appropriate at that time. *See, e.g.*, *Canon, Inc. v. Color Imaging, Inc.*, 227 F. Supp. 3d 1303, 1308–09 (N.D. Ga. 2016) (limiting instruction excluding "testimony, evidence, or argument that suggests in any manner that their actions in connection with the [] patent were based on consultations with counsel or information provided by counsel" and "testimony or argument that suggests or implies they thought their challenged infringing actions were legal based on knowledge gleaned from their general or overall consultations with counsel").

### III.  CONCLUSION

For the reasons stated above, Plaintiffs' motion to compel Beckman's privileged documents and testimony regarding ▮▮▮▮▮▮▮▮▮▮ is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 5, 2023

_____
Hon. Nita L. Stormes
United States Magistrate Judge